[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10269
Non-Argument Calendar

_____

D. C. Docket No. 06-00184-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGH ANTHONY GORDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 2, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Hugh Anthony Gordon pleaded guilty to entering the United States after

being deported, in violation of 8 U.S.C. § 1326(a). A violation of § 1326(a) normally carries a maximum sentence of two years imprisonment, but because Gordon had committed an aggravated felony prior to his deportation, the maximum sentence was increased to twenty years imprisonment. See id. § 1326(b)(2).

The PSR calculated Gordon's advisory guidelines range at 57 to 71 months imprisonment. The district court, after considering the 18 U.S.C. § 3553(a) factors, imposed a 57-month sentence. Gordon now appeals his conviction and sentence.

He contends that his conviction under § 1326 should be overturned because it suffers from two constitutional infirmities: (1) the statutory maximum was increased based on a sentencing factor that was not charged in the indictment or found by a jury beyond a reasonable doubt, in violation of the Sixth Amendment; and (2) his prior conviction was used to enhance his sentence, in violation of the Double Jeopardy Clause of the Fifth Amendment. Because Gordon did not raise either contention before the district court, we review them for plain error. United States v. Underwood, 446 F.3d 1340, 1343 (11th Cir.), cert. denied, 127 S. Ct. 225 (2006). We find no error, plain or otherwise.

Gordon's Sixth Amendment argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998). There, the Court held that the government need not allege in its indictment

2

or prove beyond a reasonable doubt that a defendant had prior convictions in order for a district court to use those convictions to enhance his sentence under § 1326(b)(2). Id. at 235–39, 118 S. Ct. at 1226–29. Almendarez-Torres is still good law until the Supreme Court tells us otherwise. See United States v. Wade, 458 F.3d 1273, 1278 (11th Cir.), cert. denied, 127 S. Ct. 2096 (2006).

Gordon's double jeopardy argument is also foreclosed by Supreme Court precedent. In Monge v. California, 524 U.S. 721, 118 S. Ct. 2246 (1998), the Court held that "[a]n enhanced sentence imposed on a persistent offender . . . is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Id. at 728, 118 S. Ct. at 2250 (quotation omitted).

As to his sentence, Gordon contends that we should reverse it as unreasonable. Gordon argues that his 57-month sentence is unreasonable because (1) his offense was nonviolent, (2) he re-entered the United States only after he abandoned his drug problem that was the cause of his original deportation, (3) he cares for his three children, and (4) if he had pleaded guilty a few weeks later, he would have qualified for the "fast-track program" and received a guidelines range of between 41 and 51 months imprisonment.

We expect that a sentence within the advisory guidelines range will be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Gordon bears the burden of demonstrating that his sentence is unreasonable based on the factors in 18 U.S.C. § 3553(a) and the record evidence. Id. He has not done that here.

We have held that in crafting a reasonable sentence the district court need not consider the disparity in prison time between a defendant who qualifies for fast-track consideration and one, like Gordon, who doesn't. See United States v. Castro, 455 F.3d 1249, 1252–53 (11th Cir. 2006). As to the other mitigating factors relied on by Gordon, they do not overcome our expectation that the 57-month sentence is reasonable in light of Gordon's multiple convictions for drug dealing while he was living in the United States illegally; his knowing return to the United States in violation of the deportation order; and his continued lawless conduct (selling counterfeit trademarks) while again living in this country illegally. We have no problem concluding that a sentence at the low end of the advisory guidelines range and well below the statutory maximum of twenty years is reasonable under the facts of this case. See United States v. Ortiz-Delgado, 451 F.3d 752, 758–59 (11th Cir. 2006) (concluding that 60-month sentence for illegally re-entering the county was reasonable where the defendant had engaged in other

unlawful conduct and the sentence was at the low-end of the advisory guidelines range); United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir.) (concluding that 87-month sentence was reasonable for violating § 1326(b)(2) because, among other things, the sentence was "almost one-third the length of the twenty-year statutory maximum sentence"), cert. denied, 126 S. Ct. 2946 (2006).

**AFFIRMED.**