[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11845
Non-Argument Calendar

_____

D. C. Docket No. 03-00064-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRES BLACKWELL,
a.k.a Demetrius Blackwell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 28, 2007)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Demetres Blackwell appeals his eighteen-month sentence for failing to abide

by the terms of his supervised release, a violation of 18 U.S.C. § 3583(e)(3).

Blackwell violated the terms of his supervised release by: (1) testing positive for cocaine; (2) failing to participate in a mandated drug program; (3) failing to document his attendance at Alcoholics Anonymous/Narcotics Anonymous meetings; (4) twice failing to meet with his probation officer; and (5) missing four drug testing appointments.

The district court determined at Blackwell's sentence hearing that he had an adjusted offense level of twenty and a criminal history category of three. Factoring these together, the court calculated Blackwell's advisory sentencing guideline range to be between five and eleven months imprisonment. However, finding that the guideline range did not sufficiently account for, among other things, the defendant's criminal history, the district court varied Blackwell's sentence upward to eighteen months imprisonment using the 18 U.S.C. § 3553(a) factors. Blackwell contends on appeal that: (1) the district court erred by impermissibly double counting his criminal history to arrive at the eighteen month sentence; and (2) that his ultimate sentence was unreasonable.

We normally review de novo a double counting claim. United States v. Naves, 252 F.3d 1166, 1168 (11th Cir. 2001). However, because Blackwell did not object to any double counting at his sentence hearing, we review only for plain

error.  Id.

Double counting occurs "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  Id. (quoting United States v. Rodriguez-Matos, 188 F.3d 1300, 1309 (11th Cir. 1999)). In rare circumstances, it may be an error for a district court to double count.  See United States v. Lebovitz, 401 F.3d 1263, 1270 (11th Cir. 2005) ("a defendant asserting a double counting claim has a tough task").

Blackwell contends that the district court erred in applying an eighteen month sentence because it engaged in double counting when it considered his prior criminal record in determining his sentencing guideline range and again under § 3553(a) when imposing the ultimate sentence.  If we were to accept this argument, no district court could consider a defendant's criminal history at the § 3553(a) stage because criminal history is always considered in arriving at the advisory guidelines range.  This would cripple the ability of district courts to fashion reasonable sentences after considering, among other things, "the history and characteristics of the defendant," which they are required to do.  18 U.S.C. § 3553(a)(1); see United States v. Booker, 543 U.S. 220, 245, 125 S. Ct. 738, 757 (2005).

We have explicitly rejected a similar argument by a defendant in United States v. Amedeo, 487 F.3d 823 (11th Cir. 2007). There, the defendant's sentence was enhanced pursuant to U.S.S.G. § 3B1.3 because the defendant, an attorney, abused the trust of his client. Id. at 833. The district court considered the same breach of the attorney-client relationship again to vary the defendant's sentence upward using the § 3553(a) factors. Id. at 833–34. We affirmed, holding that "based on the extraordinary circumstances of this case, it was reasonable for the district court to rely on certain aspects of [the defendant]'s conduct, particularly his abuse of the attorney-client relationship, that it had already considered in imposing an enhancement." Id.

In addition, we have affirmed a number of sentences in which the district court determined the defendant's criminal history category and then explicitly considered that same criminal behavior in reaching the defendant's ultimate sentence under the § 3553(a) factors. See e.g., United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (affirming the defendant's 300 month sentence as reasonable where the district court considered the defendant's past crimes when increasing the defendant's criminal history category from three to six based on the defendant's status as a career offender, again when applying a career offender enhancement for an adjusted offense level of thirty-four, and a third time when

4

considering, under § 3553(a), the fact that the defendant "continuously committed criminal activity each time he was released from prison"); United States v. Ortiz-Delgado, 451 F.3d 752, 758–59 (11th Cir. 2006) (affirming the defendant's sixty month sentence as reasonable when the district court considered the defendant's criminal history in determining the defendant had a criminal history category of four, again when enhancing his offense level to twenty-one because he had been previously deported after a crime of violence, and a third time, under § 3553(a), because of his history of sex crimes against children); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006) (affirming the defendant's 24 month sentence for violating his supervised release when the "district court adequately considered the § 3553(a) factors in arriving at [his] sentence, including his criminal history and his threat to the public"). We found no double counting error in any of these cases.

Accordingly, we conclude that the district court did not err in enhancing Blackwell's sentence based on his criminal history and in varying the sentence upward under § 3553(a) based on that same criminal history. Therefore, there was no plain error.

Blackwell also contends that the district court's ultimate sentence of eighteen months was unreasonable because he had never been convicted of a crime

involving the use of violence. When "conducting our reasonableness review, which is highly deferential, we do not apply the reasonableness standard to each individual decision made during the sentencing process; instead, we review only the final sentence for reasonableness, in light of the § 3553(a) factors." Dorman, 488 F.3d at 938.

A sentence will be unreasonable only if it "fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Here, the sentence imposed was outside the guidelines range, so the sentence is not entitled to an expectation of reasonableness. See id. ("[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). However, simply exceeding the guideline range does not make a sentence unreasonable. See e.g., United States v. Valnor, 451 F.3d 744, 752 (11th Cir. 2006) (affirming a sentence in excess of the guidelines range).

We conclude that Blackwell's sentence was reasonable. Section 3553(a) requires consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Here, as the district court

6

said, Blackwell showed a "total failure to cooperate in [his] supervised release" and to comply with the law. He continued to use cocaine, tried to hide his continued drug abuse by failing to show up for drug testing appointments, refused to participate in a drug and alcohol abuse program, and missed meetings with his probation officer.

**AFFIRMED.**