**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

DAVID RAY TEEPLES,
         *Defendant-Appellant.*

No. 03-30307

D.C. No.
CR-02-00045-DWM

OPINION

On Remand from the United States Supreme Court

Filed January 5, 2006

Before: Mary M. Schroeder, Chief Judge,
James R. Browning, and A. Wallace Tashima,
Circuit Judges.

Per Curiam Opinion

59

**COUNSEL**

Melissa Harrison and John Rhodes, Assistant Federal Defenders, Federal Defenders of Montana, Missoula, Montana, for the defendant-appellant.

David G. Dennis and Joshua S. Van De Wetering, Assistant U.S. Attorneys, U.S. Attorney's Office, Great Falls, Montana, for the appellee.

**OPINION**

PER CURIAM:

This matter is before us after the United States Supreme Court vacated our earlier memorandum disposition and

remanded for further consideration in light of its recent opinion in *United States v. Booker*, 125 S.Ct. 738 (2005). In this appeal, David Ray Teeples challenges the district court's determination that, on the basis of his two prior convictions for lewd and lascivious acts with a child under fourteen, he is a career offender under the U.S. Sentencing Guidelines, ("Guidelines"), U.S.S.G. § 4B1.1 (2003). Teeples argues that the district court erred in holding that his convictions under Cal. Penal Code § 288(a) (2004) are crimes of violence under U.S.S.G. § 4B1.2 (2004).

**[1]** Upon further consideration, after *Booker*, we conclude as we did earlier, that the district court correctly determined that Teeples's conviction was in fact a crime of violence. We have previously held that "anytime an adult engages in sexual contact with a four year old child, there is always a serious potential risk of physical injury and 'there is always a substantial risk that physical force will be used to ensure the child's compliance.' " *U.S. v. Wood*, 52 F.3d 272, 275 (9th Cir. 1995) (quoting *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993)). While Teeples's victim was twelve rather than four, "the risk of violence is implicit in the size, age and authority position of the adult in dealing with a child." *Id.* Moreover, Teeples's victim was his own daughter, and we have recognized that the "special and unique dynamic of a parent-child relationship," coupled with "such factors as age and the authority position of the offender contribute to the risks inherent in the sexual abuse of a minor." *United States v. Melton*, 344 F.3d 1021, 1029 (9th Cir. 2003). The district court did not err in finding Teeples's conviction to be a crime of violence and therefore sentencing him as a career offender.

**[2]** Given the current non-mandatory nature of the Guidelines, and the state of the record before us in this case, it is not clear whether the sentencing judge might have sentenced Teeples differently had he known he was not constrained by the Guidelines. *See United States v. Ameline*, 409 F.3d 1073, 1083 (9th Cir. 2005) (en banc). We therefore REMAND to

the district court for the limited purpose of reconsidering Teeples's sentence under the now discretionary guidelines. We ORDER the parties to notify the court within 10 days of the filing of this opinion if either wants to pursue an *Ameline* remand. *See Ameline*, 409 F.3d at 1084 ("When faced with an unpreserved *Booker/Fanfan* error, the reviewing panel must first determine if an eligible party wants to pursue the subject."). We adhere to our prior memorandum disposition in all other respects.