[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15466
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00188-CR-1-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PASCUAL ORTIZ-DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 7, 2006)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Pascual Ortiz-Delgado appeals his 60-month sentence which was imposed after he pled guilty to one count of unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, he argues that the district

court erred at sentencing by applying a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior deportation following convictions for felony crimes of violence, that is, attempted lewd acts upon a child and lewd acts upon a child, in violation of Cal. Penal Code § 288. He also argues that his sentence is unreasonable under United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a).[1] After careful review, we affirm.

We review de novo a district court's determination that a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. See United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir.), cert. denied, 125 S. Ct. 223 (2005). In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) ("We do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness."). Our "[r]eview for reasonableness is deferential." United States

---

[1] We have jurisdiction to review the reasonableness of Ortiz-Delgado's sentence, pursuant to 18 U.S.C. § 3742. See United States v. Martinez, 434 F.3d 1318 (11th Cir. 2006) (rejecting government's threshold argument that this Court lacks jurisdiction under 18 U.S.C. § 3742(a) to review a sentence within a correctly-calculated guideline range for reasonableness; concluding that "a post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742 (a)(1)"). Pursuant to our well-established prior-precedent rule, this panel is bound to apply, and may not reconsider, Martinez. See United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004) (discussing prior-precedent rule).

v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id.

The relevant facts are straightforward. On May 3, 2005, in a superseding indictment, Ortiz-Delgado was indicted for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). He pled guilty and proceeded to sentencing. According to the presentence investigation report ("PSI"), Ortiz-Delgado, a native and citizen of Mexico, entered the United States in 1978 after which, in 1991, he obtained permanent resident status. In 1996, he pled guilty to attempted lewd acts with a child, a felony under Cal. Penal Code §§ 288 and 664, and was sentenced to probation by the San Joaquin County Superior Court in Stockton, California. Two years later, in 1998, he pled guilty to the felony of lewd acts upon a child, in violation of Cal. Penal Code § 288, and was sentenced to 4 years' imprisonment by the Municipal Court of California, San Joaquin County, Lodi Judicial District. He was released from prison on parole in 2002, at which time he was deported to Mexico.

He illegally reentered the United States in March 2004, allegedly for purposes of supporting his only child, who resides in Lodi, California. In May 2005, he was arrested for a traffic violation in DeKalb County, Georgia and was

detained based on his immigration status.[2]  During a subsequent interview with agents from the Bureau of Immigration and Customs Enforcement at the DeKalb County Jail in Decatur, Georgia, Ortiz-Delgado admitted that he was a native and citizen of Mexico, he had previously been deported, and he had illegally reentered the United States.  After confirming Ortiz-Delgado's identity, a search of his INS file revealed that he had neither requested nor obtained permission to reenter the United States legally.

The PSI calculated a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), and recommended a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(a)(ii), because Ortiz-Delgado was deported after a conviction for a crime of violence, and a 3-level reduction pursuant to U.S.S.G. § 3E1.1 for Ortiz-Delgado's acceptance of responsibility and timely notice of his intent to plead guilty.  The PSI assessed six criminal history points for Ortiz-Delgado's previous felony convictions and three points because Ortiz-Delgado committed the instant offense while on parole and because the instant offense occurred less than two years following his release.  With nine total criminal history points, Ortiz-Delgado

---

[2]Ortiz-Delgado objected to this statement of fact, and contends that he was detained at the DeKalb County Jail after attempting to register as a sex offender.  This factual dispute, however, does not affect the Guidelines calculation and is not relevant to our resolution of the  issues on appeal.

had a criminal history category IV and faced an advisory Guidelines range of 57 to 71 months' imprisonment.

Ortiz-Delgado objected to the 16-level enhancement for deportation following a conviction for a crime of violence, arguing that his convictions for attempted lewd acts with a child and lewd acts upon a child did not fall within the definition of a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). At the sentencing hearing, the district court read the following portion of the criminal complaint from Ortiz-Delgado's 1998 conviction for lewd acts upon a child:

> It is established that at the time and place aforesaid he did willfully and unlawfully and lewdly commit a lewd and lascivious act upon and with the body of Rachel, who was 14 years old, with the intent of arousing to, appealing to, gratifying the lust, passion and sexual desires of the defendant who was at least ten years older than the victim.

The court then overruled Ortiz-Delgado's objection, noting that based on the caselaw of this Circuit and the particularity of the charge for which he was convicted, there was a factual basis for finding that his previous criminal conduct amounted to sexual abuse of a minor, which is a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Before imposing a sentence, the court acknowledged its obligation to consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). In support of mitigation, defense counsel asserted the following arguments: (1) that Ortiz-

5

Delgado returned to the United States in order to provide child support for his only son, who resides in California; (2) that although he entered the United States illegally, while here, he had attempted to comply with the law by registering as a sex offender "so that his whereabouts would be known, so that his activities would be known, and also so that the public would know where he was"; and (3) that he would not come back to the United States and would do his best to provide for his son by working in Mexico. In support of the first argument, Ortiz-Delgado submitted an affidavit from the child's mother, who stated that to support his son, Ortiz-Delgado made monthly deposits to her bank account up until his arrest in March 2005. The district court also heard Ortiz-Delgado's personal apology for his conduct.

After reviewing the record and considering the sentencing factors in 18 U.S.C. § 3553(a), the district court sentenced Ortiz-Delgado to 60 months' imprisonment, which was within the advisory Guidelines range of 57 to 71 months. The district court stated that the sentence was based on "the seriousness of his record, the fact that some of our children are exposed to his lusts and the fact that he has repeatedly been unable to comply with the requirements of the law." This appeal followed.

Ortiz-Delgado first argues that the district court erred by applying a 16-level enhancement for deportation following conviction for a crime of violence because there was insufficient evidence to support a finding that his previous offense conduct constituted sexual abuse of a minor, and thus a crime of violence, within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). Section 2L1.2(b)(1)(A)(ii) provides for a 16-level enhancement for a defendant who was previously deported after conviction for a "crime of violence." The term "crime of violence" is defined as including "forcible sex offenses, statutory rape, [and] sexual abuse of a minor." Id. at comment. (n.1(B)(iii)).

Ortiz-Delgado argues that his 1998 conviction under Cal. Penal Code § 288(a) and § 288(c)(1) for committing a lewd act on a child under the age of 14 is not a "crime of violence," within the meaning of § 2L1.2(b)(1)(A)(ii).[3] Section 288 provides, inter alia, the following:

§ 288. Lewd or lascivious acts involving children

(a) Any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . .

---

[3]We need not reach Ortiz-Delgado's argument concerning whether attempted commission of a lewd act, for which he was convicted in 1996, constitutes a "crime of violence" since § 2L1.2(b)(1)(A)(ii) requires only one prior conviction to warrant application of the enhancement.

. . . .

(c) (1) Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years and that person is at least 10 years older than the child, is guilty of a public offense . . . .

Cal. Penal Code § 288. While the commentary to § 2L1.2 does not include specific, qualifying factors for "sexual abuse of a minor" in its definition of a "crime of violence," we have given that term its ordinary and everyday meaning. See United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001) (interpreting "crime of violence" under § 2L1.2(b)(1)(A)(ii) and accompanying definition and observing that "[u]nless the language is ambiguous or the plain meaning leads to absurd results, the ordinary and everyday meaning of the statute controls").

We have not had occasion to review the particular California statute under which Ortiz-Delgado was convicted, but in the context of Florida Statute § 800.04,[4]

_____

[4]The Florida statute we interpreted in Padilla-Reyes provided the following:

Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery. Any person who:

(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;

(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or

(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery is guilty of a

8

which criminalizes sexual offenses that do not rise to the level of rape or sexual battery and which are committed against children under the age of sixteen, we have held that "the phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Id.; Orduno-Mireles, 405 F.3d at 961 (holding that "conviction for unlawful sexual activity with certain minors qualifies as a crime of violence within the [§ 2L1.2 comment. (n. 1(B)(iii)] definition). "The conclusion that 'sexual abuse of a minor' is not limited to physical abuse also recognizes an invidious aspect of the offense: that the act, which may or may not involve physical contact by the perpetrator, usually results in psychological injury for the victim, regardless of whether any physical injury was incurred." Padilla-Reyes, 247 F.3d at 1163.

As in Padilla-Reyes, the plain language of the statute at issue here, Cal. Penal Code § 288, qualifies Ortiz-Delgado's previous offense conduct as "sexual abuse of a minor," and thus, a crime of violence under the Sentencing Guidelines. Our conclusion is consistent with the Ninth Circuit's interpretation of the same

---

felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.

Fla. Stat. § 800.04 (1987).

California statute, also in the § 2L1.2(b)(1)(A)(ii) context. See United States v. Medina-Maella, 351 F.3d 944, 947 (9th Cir. 2003) (holding that prior felony conviction for lewd or lascivious acts upon a child under the age of 14 years, in violation of Cal. Penal Code § 288(a), constituted a conviction for a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) providing for 16-level enhancement for offense of unlawful re-entry into the United States, whether or not the offense included actual force as an element), cert. denied, 542 U.S. 945 (2004); accord United States v. Teeples, 432 F.3d 1110, 1111 (9th Cir. 2006); United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999).

Indeed, every other Circuit to have considered the issue of sexual acts on children for purposes of sentencing under U.S.S.G. § 2L1.2(b)(1)(A)(ii) has held that such crimes qualify as "crimes of violence." As the Fifth Circuit observed, "[f]or purposes of determining 'crime of violence' under § 2L1.2, there is no such thing as non-violent sexual abuse of a minor. . . . This court and others have held that sexual offenses by adults against children carry the inherent risk of force upon or injury to the child." United States v. Ravo-Valdez, 302 F.3d 314, 317-19 (5th Cir. 2002); see also United States v. Garcia-Juarez, 421 F.3d 655, 658-59 (8th Cir. 2005) (holding that prior conviction for Iowa offense of lascivious acts with a child constituted "sexual abuse of a minor" and therefore a "crime of violence" under §

10

2L1.2); United States v. Izaguirre-Flores, 405 F.3d 270, 275-76 (5th Cir. 2005) (holding that prior conviction for North Carolina offense of taking indecent liberties with a child constituted "sexual abuse of a minor" under § 2L1.2). Ortiz-Delgado cites <u>no</u> caselaw holding that a crime such as his prior conviction does <u>not</u> constitute "sexual abuse of a child" for purposes of § 2L1.2 enhancement.

Because the plain language of § 288 satisfies our definition of "sexual abuse of a minor" and the district court based its finding solely on the statutory elements and the charging language of Ortiz-Delgado's previous convictions, we conclude that the 16-level enhancement was properly applied, pursuant to § 2L1.2(b)(1)(A)(ii).[5]

As for Ortiz-Delgado's challenge to the reasonableness of his sentence, our review is guided by the factors in 18 U.S.C. § 3553(a). <u>Booker</u>, 543 U.S. at 261; <u>Winingear</u>, 422 F.3d at 1246. These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[5]We find no merit to Ortiz-Delgado's argument that the district court's finding of a prior conviction violated <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1259-60 (2005). In <u>Shepard</u>, the Court held that in evaluating whether a defendant's prior conviction qualified for purposes of the Armed Career Criminal Act, beyond examining the statutory elements, the district court is "limited to the <u>terms of the charging document</u>, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 125 S.Ct. at 1263 (emphasis added). The record indicates that in finding that Ortiz-Delgado's previous conviction constituted sexual abuse of a minor, the district court relied <u>solely</u> on the plain meaning of the statutory elements and the criminal complaint. These considerations fully comported with <u>Sheperd</u>.

11

(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Although sentencing courts must be guided by these factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (stating that, post-Booker, district courts need not conduct an accounting of every § 3553(a) factor and expound on how each factor played a role in the sentencing decision).

Ortiz-Delgado faced an advisory Guidelines sentencing range of 57 to 71 months' imprisonment. Before imposing sentence, the district court expressly

acknowledged that "as a result of <u>Booker</u> I am authorized to impose a sentence based on the 3553 factors, of which is not [sic] governed by the Guidelines, and indeed, the Guidelines in this case might constrain the court." Prior to imposing sentence, the court heard Ortiz-Delgado's mitigating circumstances and considered the supporting affidavit and Ortiz-Delgado's apology. These items all concerned "the nature and circumstances of the offense and the history and characteristics of the defendant," within the meaning of § 3553(a)(1), since they pertained to Ortiz-Delgado's desire to support his son, his attempt to comply with sex-offender registration requirements, and his promise never to return to the United States.

Moreover, in imposing the sentence, the court highlighted "the seriousness of [Ortiz-Delgado's] record, the fact that some of our children are exposed to his lusts and the fact that he has repeatedly been unable to comply with the requirements of the law." <u>See</u> § 3553(a)(2) (discussing factors pertaining to need for sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct" <u>and</u> "to protect the public from further crimes of the defendant"). Indeed, the record reflects that Ortiz-Delgado is a repeat child sex offender who already has been ordered deported once from this country. He was on parole for one of his prior sex crimes when he illegally reentered this country

and committed the underlying traffic violation.  In short, it was well within the bounds of reasonableness to sentence him to a 60-month term, which we observe was at the <u>lower</u> end of the Guidelines range he faced at sentencing.

Finally, the parties' arguments and the PSI's calculations outlined "the kinds of sentences available," as discussed in § 3553(a)(3), and the government correctly argued that a Guidelines sentence would act as a deterrent to other defendants, referenced in § 3553(a)(2)(B) (discussing factor of deterring criminal conduct) & and (6) (enumerating need to avoid sentencing disparity).

On this record, Ortiz-Delgado's sentence, at the <u>lower</u> end of the Guidelines range, was reasonable under <u>Booker</u> and in light of the § 3553(a) factors.

**AFFIRMED.**