[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13825
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-10003-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL PEDROSA-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Ismael Pedrosa-Garcia ("Pedrosa-Garcia") appeals his forty-eight month

sentence following his convictions on one count of conspiracy to commit alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) ("Count One") and one count of failure to heave to a government law enforcement vessel in violation of 18 U.S.C. § 2237(a)(1) ("Count Two"). Pedrosa-Garcia argues that his sentence was unreasonable because the district court impermissibly considered his pending state manslaughter charge and imposed a sentence above his guideline range. We conclude that the district court correctly considered Pedrosa-Garcia's guideline range, the requisite statutory factors, the nature and circumstances of his convictions and his prior conviction for failure to heave to a government vessel in fashioning the sentence imposed. Accordingly, we find that the sentence was reasonable. AFFIRMED.

## I. BACKGROUND

On 10 January 2008, the United States Coast Guard cutter <u>Drumond</u> detected a go-fast boat[1] operating without navigation lights, traveling southbound from Florida towards Cuba. R2-54 at 11. The <u>Drumond</u> closed within 100 yards of the vessel and commanded it to stop in both English and Spanish. The go-fast boat ignored the command, increased speed and attempted to evade interdiction, nearly colliding with the <u>Drumond</u> in the process. An hour-long pursuit ensued

---

[1] A "go-fast boat" is an exceptionally swift, high-performance vessel commonly used by smugglers.

after which the go-fast boat was finally apprehended. Pedrosa-Garcia admitted to being the driver of the boat. Id. at 11-12.

Pedrosa-Garcia's guideline range was calculated at between ten and sixteen months, based upon a total offense level of 10 and a criminal history category of III. R3-55 at 2. He faced a statutory imprisonment term of zero to ten years for Count One and zero to five years for Count Two. In addition, just prior to his sentencing for Counts One and Two, Pedrosa-Garcia had received a twenty-four month sentence for violating his supervised release conditions in a previous conviction for failure to heave to a government law enforcement vessel.

At Pedrosa-Garcia's sentencing hearing, the district court considered the advisory guideline range along with the statutory factors as set out in 18 U.S.C. § 3353(a). The court specifically noted the fact that Pedrosa-Garcia's instant offense occurred only six months into his supervised release term for a prior failure to heave to a government law enforcement vessel. The district court commented:

> Well, I remember. It was one of the few cases, it seems to me, that I recall giving the defendant the benefit of the doubt on just a straight failure to heave to a law enforcement vessel. And we just gave him the time served because there was no other evidence that he was engaged in any other kind of smuggling violation. So we kind of gave him the benefit of the doubt, which in retrospect maybe it wasn't such a smart idea.

Id. at 4. After listening to his petition for leniency, the district court asked about

3

the status of a pending manslaughter charge against Pedrosa-Garcia. The court was informed that the manslaughter charge was an open case in state court. Id. at 7. The district court made no further inquiries on the subject.

The court then highlighted the fact that Pedrosa-Garcia's "efforts to ram the Coast Guard vessel . . . put the crew and his passenger in great danger" and concluded as follows:

> We're here to consider the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, as well as to afford adequate deterrence. We have noted that this is the second offense after he was given a break the first time around. At least, I considered it to be something of a lenient sentence.
> So I think it warrants a sentence above the advisory guidelines in order to reflect the seriousness of the offense and to promote respect for the law, provide just punishment and deterrence.

Id. at 8-9. The district court imposed a sentence of forty-eight months of imprisonment for both Counts One and Two, to be served concurrently, but consecutive to the twenty-four month term imposed for the prior supervised release violation. After the announcement of the sentence, Pedrosa-Garcia objected to the imposition of a sentence above the advisory guideline range. Id. at 10.

## II. DISCUSSION

We review a sentence imposed by a district court, both as to its procedural propriety and substantive reasonableness, under an abuse of discretion standard. See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we

4

must . . . ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.

Id. (quotation marks and citation omitted). As we have noted before, the sentencing court need not "state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of the § 3553(a) factors." United States v. Ortiz-Delgado, 451 F.3d 752, 758 (11th Cir. 2006) (quotation marks and citation omitted). However, when a "judge imposes a sentence outside the Guidelines, the judge will explain why he has done so" and "ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation marks and citation omitted).

After determining that the sentence imposed is procedurally sound, we then consider whether the sentence is substantively reasonable. See Pugh, 515 F.3d at 1190. "In considering the substantive reasonableness of the sentence, we may not apply a presumption of unreasonableness where a sentence is outside of the Guidelines range, and we must give deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Livesay, 525

5

F.3d at 1090 (quotation marks and citation omitted). As we have said before, "courts of appeal must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard." Id. at 1090 (quotation marks and citation omitted). We are also mindful of the fact that "a sentence can be unreasonable . . . if the district court's selection of the sentence was substantially affected by its consideration of impermissible factors." United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006), abrogated on other grounds by United States v. Kimbrough, __ U.S. __, 128 S. Ct. 558, 574 (2007) (footnote omitted). In the end, we look to whether "[t]he sentencing judge . . . set forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2468 (2007).

In this case, we are convinced that the sentence imposed by the district court was procedurally and substantively sound. The court correctly considered the advisory guideline range along with the requisite § 3353(a) factors. It then highlighted the fact that Pedrosa-Garcia's instant offense occurred only six months into his supervised release term for the same offense. The district court noted that it had given Pedrosa-Garcia the benefit of the doubt the first time around and

6

expressed its concern that Pedrosa-Garcia again was before the court convicted of the same offense. Moreover, the district court gave ample consideration to the nature and circumstances of the instant offense, noting that Pedrosa-Garcia's actions put the lives of his passenger and the crew of the Drummond in great danger. Given the scope of our deferential standard of review and the district court's reasoned basis for exercising its decisionmaking authority, we conclude that the sentence imposed by the district court was not unreasonable.

Finally, we find no merit in the contention that the district court considered an impermissible factor in fashioning Pedrosa-Garcia's sentence. The court merely noted the existence of a pending manslaughter charge in Pedrosa-Garcia's presentence investigation report ("PSI") and asked about the status of the case. When informed that it was an open case in state court, the district court made no further inquires. Nothing in the record supports the notion that the district court impermissibly considered the manslaughter charge when crafting Pedrosa-Garcia's sentence.

## III. CONCLUSION

Pedrosa-Garcia appeals his forty-eight month sentence following his convictions on one count of conspiracy to commit alien smuggling and one count of failure to heave to a government law enforcement vessel. We conclude that the

district court correctly considered Pedrosa-Garcia's guideline range, the requisite statutory factors, the nature and circumstances of his convictions and his prior conviction for failure to heave to a government vessel in fashioning the sentence imposed. Accordingly, we find that the sentence was reasonable.

**AFFIRMED.**