[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10613
Non-Argument Calendar

_____

D. C. Docket No. 98-00368-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE N. BENITEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Benitez appeals his sentence, imposed following admitted violations of the terms of his supervised release, arguing that the sentence was unreasonable because the district court failed to consider the sentencing factors set forth at 18 U.S.C. § 3553(a) and departed above the sentencing guidelines range without sufficiently articulating the basis for the departure.[1]  Because the district court made clear that it had considered the parties' arguments and referred to certain of the appropriate factors, we affirm.

On January 20, 2009, the district court held a final revocation hearing on Benitez's violation of supervised release.  Benitez admitted committing all ten of the violations alleged in the petition filed by the U.S. Probation Office.  The court found that Benitez had violated the terms and conditions of his supervised release and revoked the period of release.

Although the parties agreed that the sentencing guidelines range was between four to ten months' imprisonment and jointly recommended a ten month sentence, the probation officer recommended a twenty-four month sentence.  The court noted that the violations consisted of "mulitple DUI arrests, which is an

---

[1] Benitez was convicted of importation of heroin, in violation of 21 U.S.C. § 952 and on October 23, 1998 was sentenced to 63 months' imprisonment and 4 years of supervised release. Benitez's term of supervised release began on December 5, 2002.  In response to a petition filed by the U.S. probation office, Benitez was arrested for alleged violations of the terms of his supervised release.  Benitez admitted the allegations.  This appeal involves the district court's sentence for the admitted violations of the conditions for Benitez's supervised release.

accident waiting to happen" and that Benitez had demonstrated "a fair amount [of] disregard for the law." The court concluded that a 24-month sentence was appropriate,[2] stating:

> I have determined that an upward variance from the applicable guideline range in this case is warranted. The defendant absconded the jurisdiction, has continued to have violations including DUI . . . I'm concerned about protection of the public and about the defendant's disregard of the law. And I find the applicable advisory guideline range is insufficient to deter future criminal conduct.

The court also stated that it "carefully considered the statements of all parties and the information contained in the violation report."

Upon finding that a defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose imprisonment after considering certain of the § 3553(a) sentencing factors. 18 U.S.C. § 3583(e). The § 3553(a) factors relevant to sentencing for violations of the terms of supervised release include the need the afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. Id.

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir.

---

[2] The district court had the authority to vary the sentence above the guidelines, because Chapter 7 of the Sentencing Guidelines, which relate to the imposition of a prison sentence for violating the terms of supervised release, are "merely advisory." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

3

2006).  Reasonableness "merely asks whether the trial court abused its discretion."

United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v.

United States, 551 U.S. 338 (2007)).  The review for reasonableness, involves two

steps.  Id. at 1190.  First, we must "'ensure that the district court committed no

significant procedural error, such as failing to calculate (or improperly calculating)

the Guidelines range, treating the Guidelines as mandatory, failing to consider the

§ 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing

to adequately explain the chosen sentence — including an explanation for any

deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S.

38 (2007)).  If there was no procedural error, we consider the "substantive

reasonableness of the sentence imposed, under an abuse-of-discretion standard,"

based on the "totality of the circumstances."  Id.

Benitez's only argument on appeal is that his sentence was procedurally

unreasonable because the district court failed to consider the § 3553(a) factors.

The district court, however, "need not conduct an accounting of every § 3553(a)

factor and expound on how each factor played a role in the sentencing decision."

See United States v. Ortiz-Delgado, 451 F.3d 752, 758 (11th Cir. 2006) (citing

United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005)).  It is sufficient if

4

the district court considers the substance of the § 3553(a) factors.  See United States v. Williams, 453 F.3d 1350, 1355 (11th Cir. 2006).

We find no procedural unreasonableness in the imposition of Benitez's sentence.  The district court stated that it felt a sentence outside the guidelines range was warranted because of the need to afford adequate deterrence and to protect the public.  These are relevant and appropriate § 3553(a) factors to consider for violations of conditions of supervised release.  18 U.S.C. § 3583(e).  Additionally, the district court noted the repeated nature of Benitez's DUI violations and found that he demonstrated "a fair amount [of] disregard for the law."  This continuing disregard for the law justified the district court's decision to vary above the sentencing guidelines range.  Accordingly, the district court did not impose an unreasonable sentence and we **AFFIRM** Benitez's twenty four month sentence.