[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11266
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-14062-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYCHELLA LETREIN ROBINSON,

Defendant-Appellant.

_____

No. 10-11273
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-14031-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYCHELLA LETREIN ROBINSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 21, 2010)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appeal No. 10-11273 stems from a Southern District of Florida indictment charging Tychella Letrein Robinson and Patric Vanashaye Johnson with conspiracy to use interstate wires and mail services to open bank accounts with the personal identification information of third parties, in violation of 18 U.S.C. §§ 1341, 1343, and 1344, with several substantive mail,wire, and bank fraud offenses, and with aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). Appeal No. 10-11266 stems from a Southern District of Florida information charging

Robinson with conspiracy to use interstates wire and mail services to open bank, debit, and credit cards using stolen identities, in violation of 18 U.S.C. §§ 1341, 1342, 1343, and 1344. Pursuant to a plea agreement covering both cases, Robinson pled guilty to the conspiracy charged in both cases and to two counts of bank fraud, and two counts of aggravated identity theft in the first case. The district court, in turn, sentenced her to prison as follows: concurrent terms of 51 months on the two conspiracy charges and on the two bank fraud counts and consecutive 24 months' terms on the aggravated identity theft counts, for a total term of imprisonment of 99 months. Robinson now appeals her sentences.

Robinson contends that her total sentence of 99 months is unreasonable because the district court did not adequately and properly consider the sentencing factors of 18 U.S.C. § 3553(a) or the arguments she addressed to those factors. In particular, she contends that there is an unwarranted disparity between her sentence and that of her co-conspirator and that a sentence at the low-end of her Guidelines sentencing range and concurrent sentences on the aggravated identity theft counts would have been sufficient, but not greater than necessary to comply with the purposes of § 3553(a).

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."

*United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). Pursuant to *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we must review the sentencing process for both procedural error and substantive reasonableness. *Livesay*, 525 F.3d at 1091. Procedural errors occur when the district court fails to calculate or improperly calculates the Guidelines sentencing range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. *Id.*

A sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). A sentencing judge is not required to state expressly on the record which, if any, § 3553(a) factors were considered in determining a sentence. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the [statutory] factors in section 3553(a) is sufficient under *Booker*[1]." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005); *see also Rita*, 551 U.S. at 358, 127 S.Ct. at 2469

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4

(holding that a brief explanation of the sentencing decision was sufficient, in part, because the record showed that the district court considered the defendant's supporting evidence).

We examine substantive reasonableness "under an abuse of discretion standard, taking into account the totality of the circumstances." *Livesay*, 525 F.3d at 1091 (quotations omitted). Our reasonableness review is deferential, and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788. "[T]here is a range of reasonable sentences from which the district court may choose." *Id.* The party challenging the sentence "bears the burden of establishing that the sentence was unreasonable in light of [the] record and the factors in section 3553(a)." *Id.* A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors. *United States v. Pugh*, 515 F.3d 1179, 1191-92 (11th Cir. 2008). Although a sentence within the Guidelines sentencing range is not *per se* reasonable, we have stated that we would ordinarily expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 787-88; *see also Rita*, 551 U.S. at 347, 127 S.Ct. at 2462-63 (noting that a sentence within the properly calculated Guidelines

range "significantly increases the likelihood that the sentence is a reasonable one.").

Pursuant to § 3553(a), the sentencing judge shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). Namely, the purposes of sentencing include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *Id.* § 3553(a)(2). The judge must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The weight accorded to the § 3553(a) factors is within the district court's discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

A sentence within the Guidelines sentencing range necessarily accounts for the need to avoid unwarranted sentencing disparities because the Sentencing

Commission considered that factor in setting the sentencing ranges. *Gall*, 522 U.S. at 54, 128 S.Ct. at 599. Moreover, "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal" because a sentence adjustment on that basis could create unwarranted disparities between the sentence imposed on the defendant and those imposed on similar defendants in other cases. *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

We conclude that Robinson's total sentence of 99 months is reasonable. First, the sentence is procedurally reasonable because the district court correctly calculated the Guidelines sentencing range, treated the Guidelines as advisory, and considered the § 3553(a) sentencing factors. Second, based on the totality of the circumstances, Robinson's sentence, which is within the sentencing range, is substantively reasonable. Based on Robinson's conduct, which included that she: (1) used stolen identities to obtain payday loans, open fraudulent online bank accounts with multiple banks, and apply for credit cards; (2) took out payday loans for eight to 15 people per week for two years; (3) successfully opened approximately five fraudulent bank accounts per week from October 2008 until January 2009; (4) had over 300 victims, including two banks; (5) was responsible for a loss amount of over $1,200,000; and (6) continued to use stolen identity

information to obtain payday loans and open fraudulent bank accounts after she was arrested in January 2009, a total sentence at the high-end of the sentencing range for the conspiracy and bank fraud and consecutive sentences for aggravated identity theft were sufficient, but not greater than necessary, to promote respect for the law, deter criminal conduct, and protect the public from future crimes by Robinson. Moreover, Robinson has failed to demonstrate that any disparity between her total sentence and her co-conspirator's sentence is unreasonable, especially given that the Guidelines account for the need to avoid unwarranted sentencing disparities.

Robinson's sentences, as imposed, are accordingly

AFFIRMED.