[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13831

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISAAC JACKIE SHARPE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20200-RNS-1

————————————————

Before WILSON, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Isaac Sharpe appeals from the district court's imposition of a 120 months' sentence of imprisonment for his conviction for being a felon in possession of a firearm and ammunition. Sharpe argues that the district court imposed a procedurally unreasonable sentence because it failed to consider adequately the 18 U.S.C. § 3553(a) factors by, among other things, assigning insufficient weight to mitigating evidence related to his upbringing and mental illness. Sharpe also argues that the district court imposed a substantively unreasonable sentence by imposing a significant upward variance based largely on his criminal history. Having read the parties' briefs and reviewed the record, we affirm Sharpe's sentence.

## I.

We review the reasonableness of a sentence for abuse of discretion, which includes both substantive and procedural reasonableness. *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020). The party challenging a sentence bears the burden of showing that the sentence is unreasonable. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

A sentence is procedurally reasonable when the district court properly calculates a defendant's guideline range, treats the guidelines as advisory rather than mandatory, duly considers the 18 U.S.C. § 3553(a) factors, and adequately explains its chosen

sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Section 3553(a) mandates that the district court "shall impose a sentence sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D). In addition, the district court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the guideline sentencing range; any pertinent policy statements; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct; and the need to provide restitution to any victims. *Id.* § 3553(a)(1), (3)-(7).

While a district court must consider all the § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). The sentencing judge is under no duty to explain the sentence in "great detail." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*). However, a district court selecting a sentence outside the Guidelines must have a justification "sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. Ultimately, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and

has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

As a preliminary matter, Sharpe's argument that the district court procedurally erred by mislabeling a U.S.S.G. § 4A1.3 departure as a variance was raised for first time in his reply brief. Because this argument was not included in Sharpe's initial appellate brief, we do not address its merits. *See United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999).

Further, Sharpe fails to meet his burden of proving that the district court abused its discretion and committed a procedural error in imposing his sentence. The record shows that the district court explained its chosen sentence by identifying multiple § 3553(a) factors that justified its variance, including respect for the law, specific deterrence, and protection of the public. The district court considered Sharpe's 1993 conviction for armed robbery and burglary with assault or battery while armed, which resulted in a 12-year prison sentence; his conviction for aggravated battery on a law enforcement officer during an altercation while he was incarcerated; and his numerous other arrests that did not result in convictions. Moreover, the district court stated clearly that it had considered the parties' statements, and it specifically mentioned Sharpe's mitigating evidence of his mental illness and difficult childhood. We conclude that the district court's assessment of the § 3553(a) factors, particularly Sharpe's criminal history, provided a

"sufficiently compelling" justification for the court's upward variance. Accordingly, we affirm as to this issue.

## II.

A district court abuses its discretion and imposes a substantively unreasonable sentence when it (1) fails to consider "relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment" by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189 (quotation marks omitted). The district court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). Our review of the substantive reasonableness of a sentence involves "examining the totality of the circumstances." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We will only vacate a sentence as unreasonable if we are left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

District courts have "discretion to decide how much weight to give each § 3553(a) factor." *Williams*, 526 F.3d at 1323. And while the district court is required to consider all § 3553(a) factors, it is permitted to attach "great weight" to one factor over others. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). "Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a

court to consider are related to criminal history." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). A sentence outside of the guideline range is not presumed to be unreasonable, but we may consider the extent of a variance in our review of the reasonableness of a sentence. *United States v. Shaw*, 560 F.3d 1230, 1237-38 (11th Cir. 2009). "[A] district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate," and we give that decision "due deference." *Id*. at 1238 (quotation marks omitted).

The record demonstrates that the district court did not abuse its discretion and imposed a substantively reasonable sentence. The district court's assignment of significant weight to Sharpe's criminal history was not unreasonable, as district courts are permitted to attach more weight to some § 3553(a) factors over others, particularly when the factor given great weight is the defendant's criminal history. *See Overstreet*, 713 F.3d at 638. Moreover, the district court did not abuse its discretion by assigning relatively little weight to the mitigation evidence related to Sharpe's background and mental illness, because district courts have discretion in deciding how to weigh the § 3553(a) factors. While the district court's variance was significant, it based its decision on multiple § 3553(a) factors, including Sharpe's criminal history, promotion of respect for the law, deterrence, and protection of the public.

Accordingly, based on the aforementioned reasons, we affirm Sharpe's sentence.

**AFFIRMED.**