[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11830

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIE JAMES SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:17-cr-00011-HL-TQL-4

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Willie Smith appeals his upward-variance sentence of 60 months' imprisonment following his guilty plea for conspiracy to steal mail and possess stolen mail.  On appeal, Smith argues that the district court committed procedural error in imposing his sentence when it failed to provide adequate justification for the upward variance and took into account facts already considered in calculating his guideline range.  Smith also argues that his sentence is substantively unreasonable because the district court placed improper emphasis on his criminal history in formulating its sentence.  After careful consideration of the parties' arguments, we affirm.

We review de novo whether the district court stated a specific reason for imposing a sentence outside the guideline range, as required by § 3553(c)(2).  *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016).  We review the reasonableness of a sentence for abuse of discretion.  *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020).  We first determine whether the district court committed a "significant procedural error," and second whether the sentence was "substantively reasonable under the totality of the circumstances."  *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) (citation omitted).  The party challenging a sentence bears the burden of showing that the sentence is unreasonable in light of

the record and the 18 U.S.C. § 3553(a) factors. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). In reviewing whether the district court abused its discretion, we will not reverse a sentence solely because we could reasonably conclude that a different sentence was more appropriate. *Gall v. United States*, 552 U.S. 38, 51 (2007). Rather, we will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

The Supreme Court has explained that a district court commits procedural error if it improperly calculates the guideline range, treats the guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. *Gall*, 552 U.S. at 51. The relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal

conduct; to protect the public from the defendant's further crimes; the kinds of sentences available and the sentencing range; and the need to avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(4), (a)(6); *see Gall*, 552 U.S. at 50 n.6.  The district court must "state in open court the reasons for its imposition of the particular sentence" that it selects, and if that sentence is outside the guideline range, it must articulate the specific reasons for the imposition of an upward variance sentence, which must also be stated in a Statement of Reasons form.  18 U.S.C. § 3553(c)(2).

While a district court must consider the § 3553(a) factors in determining a sentence, it is not required to state on the record that it has explicitly considered each of the factors or to discuss each of the factors.  *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006).  An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  The sentencing judge is under no duty to explain the sentence in "great detail or in any detail for that matter."  *Irey*, 612 F.3d at 1195.  The adequacy of any further explanation varies from case to case, and "[t]he appropriateness of brevity or length, conciseness or detail, . . . depends upon circumstances."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  Ultimately, the district court must explain the chosen sentence with enough detail to satisfy the appellate court that it has considered the arguments of the parties and has a reasoned basis for its decision.  *Id.*

In imposing a variance, the sentencing court can contemplate conduct already considered when calculating the advisory guideline range. *United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015). The court may impose a variance if it concludes that the guideline range understated a defendant's criminal history. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016). District courts have "broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015). A major variance, however, should be supported by a more significant justification than a minor variance. *Gall*, 552 U.S. at 50.

Here, the district court committed no procedural error. Its explanation contained a sufficient analysis of the relevant § 3553(a) factors and was explained in open court pursuant to § 3553(c)(2). At Smith's sentencing hearing, the district court stated that it had "considered the advisory sentencing range and the sentencing factors found at" § 3553(a) and "made an individualized assessment based on the facts presented," which indicates a reasoned consideration of these factors. *See Turner*, 474 F.3d at 1281. The district court also discussed Smith's criminal history—which is lengthy and includes homicide, assault, and numerous financial crimes—before stating that it was going to vary upward "based on the criminal record of the offense and the criminal record of the defendant." The district court stated that Smith's own description of his criminal record as "bad" was "a charitable characterization," and that it believed the sentencing guidelines "fail[ed] to consider" Smith's "very long record."

This explanation was sufficiently detailed to meet procedural requirements because the district court was under no duty to explain the sentence in "great detail or in any detail for that matter." *Irey*, 612 F.3d at 1195. Rather, the district court was required only to provide a justification for its chosen sentence indicating to this Court that it had considered the arguments of the parties and had a reasoned basis for its decision. The district court was not required to state on the record that it explicitly considered each of the § 3553(a) factors or to discuss each of the factors. *See Ortiz-Delgado*, 451 F.3d at 758. We hold that the district court committed no procedural error. *See Rita*, 551 U.S. at 356.

Additionally, Smith's sentence was substantively reasonable because it was based on a reasoned weighing of the relevant § 3553(a) factors by the district court. The district court did not abuse its discretion in imposing an upward variance of 23 months from the top end of the guideline range because the § 3553(a) factors adequately justified its decision. *See Gall*, 552 U.S. at 50. The district court found that Smith's guidelines calculation was "inaccurate" based on Smith's criminal history, such that it was permitted to impose an upward variance. *See Osorio-Moreno*, 814 F.3d at 1288. The explanation offered on the record indicates that the district court focused on several of the § 3553(a) factors implicated by Smith's extensive criminal conduct, such as promoting respect for the law, providing just punishment for the offense, affording adequate deterrence to criminal conduct, and protecting the public from Smith's further crimes. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(2)(C).

The district court exercised its "broad leeway" to give greater weight to Smith's criminal history which includes convictions for homicide, burglary, aggravated assault, escape, theft, and other financial offenses. *See Rosales-Bruno*, 789 F.3d at 1261. The 23-month upward variance was proportionate to the nature and circumstances of the offense conduct at issue which involved a loss amount of more than $40,000 and less than $95,000, and possession of more than 50 pieces of stolen mail, including at least one fraudulently altered check. Furthermore, the district court considered that Smith had a pattern of significant recidivism, a criminal history category of VI, and previous convictions for other financial crimes. *See Gall*, 552 U.S. at 50. Thus, the district court's sentence was adequately supported by the § 3553(a) factors and was not so extreme as to fall "outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

We hold that the district court committed no procedural error because its explanation contained a sufficient analysis of the relevant § 3553(a) factors and was explained in open court pursuant to § 3553(c)(2), as well as accompanied by the required Statement of Reasons form. We also hold that Smith's sentence was substantively reasonable because the district court was permitted to weigh his criminal history more heavily than other § 3553(a) factors in imposing an upward-variance sentence.

**AFFIRMED.**