[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12690

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WALTER LAMAR JACKSON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cr-00054-JA-PRL-1

————————————————

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Walter Jackson appeals his sentence of 72 months' imprisonment with 3 years of supervised release related to his conviction for assault resulting in bodily injury that occurred within the special maritime and territorial jurisdiction of the United States. He argues that his sentence was substantively unreasonable because the district court failed to properly weigh the 18 U.S.C. § 3553(a) factors. He contends that the district court erred by varying upward from the Guideline range of 46-57 months imprisonment based on the nature of the victim's injuries when U.S.S.G. § 2A2.2(b)(3)(C) already accounted for the severity of the injuries. After careful review, we affirm.

## I.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's

decision was in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (internal quotation marks omitted). The party challenging the sentence bears the burden of proving it is unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338–39 (11th Cir. 2024).

## II.

Under § 3553(a), the district court must impose a sentence that is "sufficient, but not greater than necessary," to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The court shall consider, among other factors, "the nature and circumstances of the offense," the "history and characteristics of the defendant," and the "need to avoid unwarranted sentence disparities" among similarly situated defendants. *Id*. Although the district court must consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others. *Butler*, 39 F.4th at 1355. The court does not have to explicitly state on the record that it has considered all the factors or expressly discuss each of them. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006).

"A district court making an upward variance must have a justification compelling enough to support the degree of the variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). Still, we will vacate a sentence where the district judge

varied upward "only if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *Id.* (internal quotation marks omitted and alteration adopted). That a sentence is well below the statutory maximum is an indication of reasonableness. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (involving a sentence with an upward variance).

### III.

Here, Jackson's sentence is not substantively unreasonable. The district court explained how the particular "nature and circumstances of [Jackson's] offense" as well as his criminal and personal history informed its weighing of the § 3553(a) factors. 18 U.S.C. § 3553(a)(1). The district court also referenced its concerns regarding appropriate correctional treatment for Jackson before giving his sentence. The district court was within its discretion to rely on factors, such as the violent nature of the crime, to support the variance "that it had already considered in imposing [the] enhancement" under U.S.S.G. § 2A2.2. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 593 U.S. 374 (2021). Also, the 72-month sentence was well below the statutory maximum sentence of 10 years imprisonment, which indicates reasonableness. *Riley*, 995 F.3d at 1278.

So long as the record reflects that the court considered all the § 3553(a) factors, such as the seriousness of the offense, promoting respect for the law, and providing just punishment, the

sentence weight accorded to each factor lies within the discretion of the district court. *Butler*, 39 F.4th at 1355. Considering that Jackson slammed the victim's head against a concrete floor multiple times and stomped on the victim's head, which resulted in multiple injuries and ultimately caused the victim's death, the district court did not abuse its discretion by finding that an upward variance from the Guidelines range was warranted. *See id.*; *Dougherty*, 754 F.3d at 1362.

Jackson also argues that the district court erred in not articulating its consideration of each § 3553(a) factor. That said, "[a] sentencing court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of those factors." *Riley*, 995 F.3d at 1279 (quotation marks omitted). A sentencing court does not have to state each consideration on the record, so the district court's silence on some factors is not erroneous. *Ortiz-Delgado*, 451 F.3d at 758. The record shows that the district court properly and clearly considered the section 3553(a) factors.

Because the district court considered each of the § 3553(a) factors and provided a sufficiently compelling justification for its upward variance in imposing a 72-month sentence, well below the statutory maximum of 120 months, the court did not abuse its discretion. Thus, we affirm Jackson's sentence because it is not substantively unreasonable.

**AFFIRMED.**