[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10850
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00336-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEQUAVIOUS MARKELL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 19, 2018)

Before WILSON, JILL PRYOR, AND JULIE CARNES, Circuit Judges.

PER CURIAM:

Dequavious Jones appeals his 60-month sentence, imposed above the high

end of the 21 to 27 month guideline range and the government's recommendation

of 13 months, after pleading guilty to three counts of distributing heroin under 21

U.S.C. § 841(a)(1), (b)(1)(C).  On appeal, Jones argues that his sentence was procedurally unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors and did not adequately explain his sentence.  Jones also argues that his sentence was substantively unreasonable because the district court gave too much weight to his criminal history.  According to Jones, the substantial upward modification of his sentence was based entirely on Jones's criminal history, without consideration of other factors under 18 U.S.C. § 3553(a).

## I.

We review challenges to a sentence's procedural reasonableness for plain error if the defendant did not properly object.  *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir.  2014).  The defendant must raise an objection that is sufficient to inform the district court and the opposing party of the particular grounds that may later be appealed.  *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007).  For example, an objection to the "substantive and procedural reasonableness" of a sentence was not enough to preserve a defendant's challenge to the special conditions of his supervised release on appeal.  *United States v. Carpenter*, 803 F.3d 1224, 1237–38 (11th Cir. 2015).  Under the plain error standard a defendant must show that: 1) the district court erred, 2) the error was plain, 3) the error affected his substantial rights, and 4) the error seriously affected

2

the fairness of the judicial proceedings. *Ramirez-Flores*, 743 F.3d at 822. We have stated, however, that we will review *de novo* an argument that a district court failed to comply with 18 U.S.C. § 3553(c)(2) by not explaining the reasons for a sentence outside the guideline range. *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016). The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).[1]

When reviewing a sentence for reasonableness, we first look to whether the district court committed any significant procedural errors. *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural errors include failing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence. *Id.*

The district court need not state that it has evaluated each § 3553(a) factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). It is sufficient for the district court to acknowledge that it has considered the § 3553(a) factors. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

A court may be brief in explaining a sentence, and may derive substance from the context of the record, defendant's history and characteristics, and parties'

---

[1] It is unlikely that Jones's general objection to the reasonableness of his sentence was sufficiently specific to preserve his procedural reasonableness challenge for appeal, and thus this Court should review for plain error. *See Carpenter*, 803 F.3d at 1237–38. Even if Jones's argument can be construed as a challenge under § 3353(c)(2) that is reviewed *de novo*, the result is the same.

arguments. *Rita v. United States*, 551 U.S. 338, 356–58 (2007). Generally, the further a sentence falls outside of the guideline range, the more compelling a court's explanation must be. *Gall*, 552 U.S. at 47, 50. An "extraordinary" justification is not required, however, for a sentence outside of the range. *Id*. at 47.

The district court's statements at sentencing demonstrated that it considered § 3553(a) factors. *Ortiz-Delgado*, 451 F.3d at 758. The district court's explanation, while brief, was adequate because it relied on the context from the record, Jones's history and characteristics, and the parties' arguments. *See Rita*, 551 U.S. at 356–58. The district court explained multiple times that it was imposing its sentence in large part due to Jones's extensive criminal record, which included eight adult convictions, and drug-dealing history—including his recent offense while on pretrial release—indicating to the court that Jones was unlikely to follow the law in the future.

## II.

We review the reasonableness of a sentence under the abuse-of-discretion standard, whether the sentence is within or outside of the guideline range. *Gall*, 552 U.S. at 41. We uphold a sentence so long as it does not reflect a "clear error of judgment," even if we would have imposed a different sentence had we been in the district court's shoes. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)

4

(quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004)).

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which include promoting respect for the law, providing a just punishment for the offense, affording adequate deterrence, and protecting the public. 18 U.S.C. § 3553(a). The district court must also consider the "nature and circumstances" of the offense and the "history and characteristics" of the defendant. *Id.*

We consider the totality of the circumstances when determining whether the district court's sentence is substantively reasonable. *Gall*, 552 U.S. at 51. The fact that a sentence falls well below the statutory maximum is one indicator of a reasonable sentence. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). A district court may abuse its discretion by 1) failing to adequately consider factors that were due significant weight, 2) giving significant weight to an improper or irrelevant factor, or 3) committing a clear error of judgment when weighing the factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326–27 (11th Cir. 2013). A "clear error of judgment" includes instances where the district court considered all relevant factors but balanced them unreasonably. *Id.*

"Departure" is a term of art which refers "only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Irizarry v. United States*,

553 U.S. 708, 714 (2008).  A variance, by contrast, is a modification of the sentence that is based on the § 3553(a) factors and is outside of the guidelines framework.  *United States v. Hayes*, 762 F.3d 1300, 1321 (11th Cir. 2014).  When determining whether a district court has applied a departure or a variance, we look to whether the district court cited a specific guidelines provision and whether it stated that a sentence within the guideline range would be inadequate.  *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2014).[2]

The district court is required to consider the § 3553(a) factors in fashioning a reasonable sentence and may use one or more factors as the basis for a variance.  *Hayes*, 762 F.3d at 1321.  Variances may be based on conduct already considered in the guideline range calculation.  *United States v. Moran*, 778 F.3d 942, 983 (11th Cir. 2015).  The district court must consider the § 3553(a) factors even if it has already ruled on a § 5K1.1 substantial assistance motion.  *United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006).

The weight given to each § 3553(a) factor is a matter within the district court's sound discretion.  *Williams*, 526 F.3d at 1322.  Although unjustified reliance on a single § 3553(a) factor may be a "symptom" of unreasonableness, *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008), a court may attach

---

[2] The district court's modification of Jones's sentence here was a variance—the court stated that the guideline range was inappropriate, never cited to a specific departure provision with respect to the increase, and referred to the sentence as a variance multiple times.  *See id.*

substantially more weight to one factor over others, *United States v. Shaw*, 560 F.3d 1230, 1237–38 (11th Cir. 2009).  A defendant's criminal history fits "squarely" into the § 3553(a) category that requires district courts to consider the defendant's the history and characteristics.  *Williams*, 526 F.3d at 1324.  We have stated that we regularly affirm major upward variances from the guideline range based on a defendant's significant criminal history.  *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2011) (collecting cases).

In varying upward, the district court was within its discretion to give great weight to Jones's criminal history and repeated drug-dealing, *Rosales-Bruno*, 789 F.3d. at 1261–63, even if that history had already been taken into account by the guidelines, *Moran*, 778 F.3d at 983.  The resulting 60-month sentence reflected this history in addition to other considerations under § 3553(a), including deterrence, protection of the public, and the need to promote respect for the law.  The sentence also fell below the 240-month statutory maximum.  *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). This sentence did not constitute a "clear error of judgment."  *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (citations omitted).  Accordingly, we affirm.

**AFFIRMED.**