[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12301
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cr-20761-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAN ISAIAS MARADIAGA OSEGUERA,
a.k.a. William Isaisa Maradiag Oseguera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 3, 2021)

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Willian Isaias Maradiaga Oseguera appeals his 42-month, above-guideline sentence after pleading guilty to one count of illegal reentry after removal from the United States. First, he argues his sentence is procedurally unreasonable because the district court failed to consider the factors in 18 U.S.C. § 3553(a). Second, he contends that his sentence is substantively unreasonable because the district court primarily considered his prior criminal history, which had already been taken into consideration in the Sentencing Guidelines advisory range, when it decided to vary upward from that range by 12 months. After review of the record and the parties' briefs, we affirm.

## I

Mr. Maradiaga pled guilty to one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a), (b)(1). Prior to sentencing, a probation officer prepared a presentence investigation report ("PSI"). The probation officer calculated a total offense level of 13, which included a four-level enhancement under U.S.S.G. § 2L.2(b)(1)(A) because Mr. Maradiaga committed the offense after he previously had been convicted of a felony, and an additional four-level enhancement under § 2L1.2(b)(3)(D) because after he was removed from the United States for the first time, he engaged in criminal conduct that resulted in a felony conviction.

2

The PSI went through Mr. Maradiaga's criminal history. Mr. Maradiaga was given zero criminal history points for his 2004 conviction for illegal entry, an attempted purchase of marijuana in 2007, and a petit theft in 2009. He was given one criminal history point for a 2011 charge for criminal mischief, resisting an officer without violence, and indecent exposure. He was also given one criminal history point for a 2013 conviction for possession of cocaine and possession of marijuana, two criminal history points for a 2013 illegal reentry conviction, and two criminal history points for a 2017 illegal reentry conviction. The PSI added two criminal history points to the criminal history score because Mr. Maradiaga committed the instant offense while under a term of supervised release. So Mr. Maradiaga had a total of eight criminal history points and a criminal history category of IV. Based on a total offense level of 13 and criminal history category IV, the PSI calculated an advisory range of 24 to 30 months' imprisonment, with statutory maximum being 10 years.

At the sentencing hearing, there were no objections to the PSI. Mr. Maradiaga apologized for his conduct. He argued that his mother and children were in the United States, which explained his numerous reentries. He requested that the district court follow the parties' joint 24-month recommendation. Though the government noted that Mr. Maradiaga had been removed and illegally reentered several times, it

stated that the Sentencing Guidelines considered those factors and agreed with a 24-month sentence recommendation.

The district court stated that it was prepared to vary upward.  The court said that Mr. Maradiaga did "not seem to get the message" because this was the fifth time that he had entered the United States after having been removed.  *See* D.E. 30 at 5:13-17.  The court noted that incarceration had not deterred him in the past and that he did not have respect for the law.  The court went through the facts from Mr. Maradiaga's 2011 case for criminal mischief, resisting an officer without violence, and indecent exposure, and found that the offense also showed that he had no respect for the law.  The court additionally determined that, given his family circumstances, it was not sure that 30 months' imprisonment would be a sufficient deterrent because he would just use the same excuse the next time.

Mr. Maradiaga argued that he would be serving a substantially longer jail sentence than he previously had served and he would not be able to help his family if he were in custody.  He also argued he would be on supervised release in both this case and another case that had been transferred to the current district; he knew if he were to violate supervised release again, he would face a heavy penalty.

The district court stated that it had considered the parties' statements, the PSI, and the statutory factors in 18 U.S.C. § 3553(a).  The court sentenced Mr. Maradiaga to 42 months' imprisonment and three years' supervised release.  Mr. Maradiaga

objected to the reasonableness of the sentence in light of the advisory guidelines range, and now appeals.

## II

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, using a two-step process. *See United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). "We determine first whether the district court committed a 'significant procedural error,' and second whether the sentence was 'substantively reasonable under the totality of the circumstances.'" *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020) (quoting *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013)). The party challenging the sentence bears the burden of establishing its unreasonableness. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## III

A procedurally reasonable sentence is free from significant procedural errors, including improperly calculating a defendant's guidelines range, treating the guidelines as mandatory, failing to explain a chosen sentence, or failing to consider the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Under 18 U.S.C. § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just

punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. A district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, and the advisory Sentencing Guidelines. *See id.* The court is not required to state that it has evaluated each § 3553(a) factor individually. *See United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). An acknowledgment by the court that it has considered the § 3553(a) factors is usually sufficient. *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

Although some explanation of the sentence is required, the district court is under no duty to explain the sentence in "great detail." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc). The court's explanation of a sentence may be brief and may derive substance from the context of the record, the defendant's history and characteristics, and the parties' arguments. But where the court varies from the Sentencing Guidelines, it must explain why it has done so. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007). The court must explain the sentence with enough detail to satisfy the appellate court that it has considered the arguments of the parties and has a reasoned basis for its decision. *See id.* at 356. If the court varies from the guidelines range, it must offer a "sufficiently compelling [justification] to support the degree of the variance." *Irey*, 612 F.3d at 1186-87.

These justifications must be "complete enough to allow meaningful appellate review." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).

Mr. Maradiaga argues the 12-month variance is procedurally unreasonable because the district court failed to consider the § 3553(a) factors. He contends the court made a general statement that it had considered the statements of the parties, the PSI, and the § 3553(a) factors, but it did not explain why a variance was appropriate.

We disagree. The district court stated that it had considered the § 3553(a) factors and discussed several factors, including the need for deterrence, to promote respect for the law, and Mr. Maradiaga's prior criminal history. The record reflects that the court placed substantial weight on Mr. Maradiaga's history of prior illegal reentries and on the need to deter him from committing further criminal conduct. The court explained that it believed a 30-month sentence would be insufficient to deter Mr. Maradiaga from reoffending because of the presence of his family, his four prior illegal reentries, and the fact that his previous terms of incarceration had not effectively acted as a deterrent. The court provided enough explanation to establish that it had considered the parties' arguments and had a reasoned basis for its decision to impose a 12-month variance. *See Rita*, 551 U.S. at 356. Accordingly, Mr. Maradiaga has failed to demonstrate that his sentence is procedurally unreasonable.

7

**IV**

In reviewing the substantive reasonableness of a sentence imposed outside the advisory guidelines range, we generally take the degree of the variance into account and consider the extent of a deviation from the guidelines. *See Gall*, 552 U.S. at 47. A major variance from the advisory guidelines range requires a more significant justification than a minor one, and the justification must be sufficiently compelling to support the degree of the variance. *See Irey*, 612 F.3d at 1196.

We will not vacate a sentence as substantively unreasonable unless we are left with a definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences. *See id.* at 1190. The weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

Mr. Maradiaga argues that his sentence was substantively unreasonable because the district court relied on his prior conduct to justify an upward variance when the same conduct was the basis for the guidelines range. The district court, however, was permitted to vary upward based on conduct that was already considered in calculating the guideline range. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). The court was also allowed to consider any information relevant to Mr. Maradiaga's background, character, or conduct. *See Tome*, 611 F.3d

at 1379. The court considered the need for the sentence to deter Mr. Maradiaga, promote respect for the law, and reflect Mr. Maradiaga's prior criminal history and characteristics. Although the court focused on the need to deter Mr. Maradiaga from further criminal conduct, it was within its discretion to give greater weight to this specific § 3553(a) factor. *See Croteau*, 819 F.3d at 1309.

Mr. Maradiaga maintains his sentence was substantively unreasonable because it was 30 months higher than any of his previous sentences, but we find this argument to be unavailing. The district court specifically considered Mr. Maradiaga's prior sentences and found that even a 30-month sentence would be insufficient to deter Maradiaga from returning in light of his family circumstances. Additionally, Mr. Maradiaga's 42-month sentence was still well below the statutory maximum of 10 years' imprisonment. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (recognizing that a sentence imposed well below the statutory maximum penalty is an indicator of reasonableness).

Because Mr. Maradiaga had an extensive history of illegal reentries and his prior sentences had failed to deter further violations, his 42-month sentence does not leave us with a definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposing a sentence outside the range of a reasonable sentence. *See Irey*, 612 F.3d at 1190. Accordingly, Mr. Maradiaga has not met his burden of showing the sentence was substantively unreasonable.

## V

We affirm Mr. Maradiaga's sentence.

**AFFIRMED.**