[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12804

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THOMAS COELHO,
a.k.a. Thomas Coehlo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00123-TPB-CPT-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Coelho appeals his sentence of 120 months' imprisonment for wire fraud. Coelho argues that the district court failed to adequately explain its sentencing decision or to consider his mitigation argument. He further argues that the district court failed to enter a written statement of reasons that sufficiently explained its reasoning for imposing a sentence outside the guideline range.

## I.

Where a defendant challenges a sentence as procedurally unreasonable based on the adequacy of the district court's explanation, we review *de novo*, even in the absence of a timely objection at sentencing. *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023).

A sentence is procedurally reasonable when the district court, among other things, duly considers the 18 U.S.C. § 3553(a) factors and adequately explains its chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). The relevant § 3553(a) factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the applicable sentencing guideline range; the need for the sentence to reflect the seriousness of the offense, protect the public, and deter the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a); *see Gall*, 552 U.S. at 50 n.6. The district court must "state in open

court the reasons for its imposition of the particular sentence" that it selects. 18 U.S.C. § 3553(c). If a court selects a sentence outside of the guideline range, it must describe the reason for its variance with specificity. *Id.* § 3553(c)(2).

While a district court must consider the § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Further, the district court must set forth a sufficient explanation to satisfy the appellate court that it has "considered the parties' arguments and has a reasoned basis" for its sentencing decision. *Rita v. United States*, 551 U.S. 338, 356. But the court is under no duty to explain the sentence in "great detail." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*). A district court's failure to specifically discuss a defendant's mitigation argument does not mean that the court has "erroneously 'ignored' or failed to consider this evidence" in determining a sentence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Here, Coelho's sentence is not procedurally unreasonable because the district court adequately explained the sentence imposed. The court stated, in open court, that it had heard from all of the parties and that it had considered the PSI and all of the § 3553(a) sentencing factors. *Turner*, 474 F.3d at 1281. The court also relied on numerous specific § 3553(a) factors in explaining its

sentence, including protection of the public, promotion of respect for the law, and reflection of the seriousness of the offense. *Gall*, 552 U.S. at 50.

Coelho has also not shown that the district court did not adequately consider his mitigation argument in rendering its sentencing decision. The record shows that the court listened to Coelho's mitigation argument and acknowledged that it had heard from all of the parties prior to explaining its sentencing decision. Moreover, the court indirectly addressed Coelho's mitigation argument that the loss amount was at the low end of the range warranting a 16-level enhancement when it cited the loss amount as a reason for its upward variance. The full scope of the record and the court's explanation shows that it considered the arguments of the parties, despite the fact that it did not explicitly address Coelho's particular mitigation argument. *Rita*, 551 U.S. at 356; *Amedeo*, 487 F.3d at 833. Thus, the district court did not impose a procedurally unreasonable sentence.

## II.

Claims that a district court's explanation of its sentencing decision failed to satisfy its burden under 18 U.S.C. § 3553(c)(2) are reviewed *de novo*. *United States v. Parks*, 823 F.3d 990, 996-97 (11th Cir. 2016). Further, we have adopted a "per se rule of reversal for § 3553(c)(2) errors." *Id.* at 997.

A district court imposing a sentence outside the guideline range must state the specific reasons for its variance and must include this reason in a statement of reasons form issued under 28

U.S.C. § 994.  18 U.S.C. § 3553(c)(2).  Under § 3553(c), the district court is required to set forth a sufficient explanation to satisfy the appellate court that it has "considered the parties' arguments and has a reasoned basis" for its sentencing decision.  *Rita*, 551 U.S. at 356.

Here, the district court's explanation in its statement of reasons form was sufficient under § 3553(c)(2).  The court checked boxes identifying multiple § 3553(a) factors that supported its decision to impose an upward variance—including lack of remorse, to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, and to protect the public from further crimes—and wrote a more detailed explanation for its decision—including noting that Coelho continued to try to contact and influence potential witnesses and noting his calls from jail suggesting that he was going to lie about having a drug condition to try to shorten his sentence—all of which substantially matched its oral explanation at the sentencing hearing.

**AFFIRMED.**