[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-12903

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONNELL JOSEPH SNOWDEN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:19-cr-00005-RV-1

_____

Before, JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Donnell Snowden appeals his sentence of 190 months' imprisonment for a single count of possession of a firearm by a felon. He raises a number of arguments.

First, Mr. Snowden contends that his sentence is procedurally unreasonable because the district court failed to adequately explain what it considered in formulating the sentence and omitted a discussion of his mitigating factors on the record.

Second, Mr. Snowden asserts that his sentence is substantively unreasonable because the district court ought to have undertaken a deeper review of his personal circumstances and efforts to assist the government prior to imposing the sentence.

Third, Mr. Snowden argues that his 1998 Florida cocaine conviction is not a predicate "serious drug offense" under the Armed Career Criminal Act ("ACCA"). He notes that the Supreme Court has granted *certiorari* to review *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), *cert. granted* 143 S. Ct. 2457 (2023), to address whether the "serious drug offense" definition in the ACCA incorporates the federal schedules that were in effect at the time of the federal firearm offense.

## I

We begin with the third issue, Mr. Snowden's contention that his 1998 Florida cocaine conviction is not a predicate "serious

drug offense" under the ACCA. Mr. Snowden contends that, at the time of his 1998 conviction, Florida law criminalized the sale, manufacture, delivery, or possession of cocaine, including ioflupane. Because ioflupane was later deleted from both the state and federal definitions of cocaine, and was not part of those definitions at the time of his federal firearms offense, Mr. Snowden argues that the 1998 Florida cocaine statute was broader than the federal definition and cannot count as an ACCA predicate.

Mr. Snowden acknowledges that he did not raise this argument in the district court, and that as a result we review only for plain error. *See* Appellant's Br. at 15; *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). He also acknowledges that his argument is—at the moment—foreclosed by our decision in *Jackson*, which held that the federal controlled-substances schedules in effect at the time of the previous state conviction govern whether a conviction qualifies as an ACCA predicate. *See Jackson*, 44 F.4th at 856. Although the Supreme Court has granted *certiorari* in *Jackson*, we do not assign "precedential significance" to grants of *certiorari* by the Supreme Court. *See Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (involving a 42 U.S.C. § 1983 suit raising an Eighth Amendment challenge to a state's method of execution). As a result, *Jackson* governs and Mr. Snowden cannot show any error, much less plain error.

Even if Mr. Snowden were correct about his 1998 Florida cocaine conviction, we would affirm the application of the ACCA to him. Mr. Snowden concedes that if his 1998 Florida cocaine

conviction is not an ACCA predicate offense he still has three predicate offenses which make the ACCA applicable. *See* Appellant's Br. at 15.

## II

We review a preserved challenge to the reasonableness of a sentence for an abuse of discretion, which includes both substantive and procedural reasonableness. *See United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020). We first determine whether the district court committed any "significant procedural error," and then determine whether the sentence was "substantively reasonable under the totality of the circumstances." *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) (citation omitted). Mr. Snowden, as the party challenging the sentence, bears the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

## A

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline range, treats the guidelines as mandatory, fails to consider the appropriate statutory factors, bases

the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. *See Gall v. United States*, 552 U.S. 31, 51 (2007).

The relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from the defendant's further crimes; the kinds of sentences available and the sentencing range; and the need to avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(4), (a)(6); *see Gall*, 552 U.S. at 50 n.6. The district court must "state in open court the reasons for its imposition of the particular sentence" that it selects. 18 U.S.C. § 3553(c).

Though a district court must consider the § 3553(a) factors in determining a sentence, it is not required to state on the record that it has explicitly considered each of the factors or to discuss each of the factors. *See United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). An acknowledgment by the district court that it has considered the § 3553(a) factors is generally sufficient. *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). The sentencing court is under no duty to explain the sentence in "great detail or in any detail for that matter." *Irey*, 612 F.3d at 1195. The adequacy of any further explanation varies from case to case, and the "appropriateness of brevity or length, conciseness or detail . . .

depends upon circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). Ultimately, the district court must explain the chosen sentence with enough detail to satisfy the appellate court that it has considered the arguments of the parties and has a reasoned basis for its decision. *Id.*

Mr. Snowden's sentence is procedurally reasonable. It is undisputed that, with the ACCA enhancement—which mandated a minimum sentence of 15 years or 180 months—the advisory guideline range was 180-210 months. The district court acknowledged and adopted this range, and Mr. Snowden does not challenge it on appeal. Mr. Snowden argues that the district court failed to explain its chosen sentence, but we disagree. The district court stated that it considered the § 3553(a) factors and the sentencing guideline range, noted that the 190 months sentence was at "the bottom half" of the range, and stated that the 190-month sentence was "reasonable and appropriate, taking into account the danger to the public" reflected in Mr. Snowden's 50 prior convictions. *See* D.E. 45 at 19-20. Given that the sentence was only 10 months above the 180-month statutory minimum, no more detailed explanation of Mr. Snowden's personal factors or attempts to render substantial assistance was required.

**B**

With respect to substantive reasonableness, we will not reverse solely because we could reasonably conclude that a different sentence was more appropriate. *See Gall*, 552 U.S. at 51. Rather, we will vacate a sentence "if, but only if, we are left with the

definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted).

We must give "due deference" to the district court to consider and weigh the proper sentencing factors because it has an "institutional advantage" in making sentencing determinations. *See United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court also does not have to give all the factors equal weight and is given discretion to attach great weight to one § 3553(a) factor over another. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the applicable guidelines range. *See id*. at 1259-60. But it maintains discretion to give heavier weight to any of the § 3553(a) factors or a combination of factors than to the guideline range. *See id*. at 1259.

A sentence imposed well below the statutory maximum penalty is an indicator of a substantively reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum). Furthermore, given the deferential nature of appellate review, there "is an expectation of reasonableness when a district court imposes a sentence within the applicable Guidelines range." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010).

Mr. Snowden's sentence is substantively reasonable. First, the sentence was within the advisory guideline range and towards the bottom half of the range. Second, Mr. Snowden fled from the police in this case, and as noted had 50 prior convictions. The district court did not abuse its discretion by assigning greater weight to Mr. Snowden's extensive criminal record than the mitigating factors in his background or any assistance he sought to provide to the government. *Cf. United States v. Overstreet*, 713 F.3d 627, 639-40 (11th Cir. 2013) (upholding, as substantively reasonable, an above-the-guidelines sentence of 420 months for defendant convicted of being a felon in possession of a firearm).

### III

We affirm Mr. Snowden's sentence.

**AFFIRMED.**