[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11945

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LADARIS LEMMON JACKSON,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:17-cr-00107-WKW-KFP-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Ladaris Lemmon Jackson appeals his 24-month sentence for violating the terms of his supervised release. Jackson argues that his 24-month sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing purposes outlined in 18 U.S.C. § 3553(a). He argues that the court relied exclusively on § 3553(a)(1) in deciding its sentence and did not provide meaningful consideration to the other 3553(a) factors. After careful review, we affirm.

## I.    Background

In 2017, Jackson was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One) and possession of marijuana in violation of 21 U.S.C. § 844(a) (Count Two). Jackson pleaded guilty to both counts. He was sentenced to 37 months for Count One, 12 months for Count Two, and 3 years of supervised release. Per the terms of his supervised release, he was not allowed to own, possess, or have access to a firearm.

Jackson's term of supervised release began on April 3, 2020. On February 8, 2023, shortly before his three-year term of supervised release expired, a probation officer petitioned the court to revoke Jackson's supervised release and issue a warrant for his arrest. The officer reported that on February 5, 2023, Jackson "discharged a firearm multiple times into a vehicle occupied by"

his ex-girlfriend and two others.  While no one was injured, Alabama state officers signed a warrant for Jackson's arrest for shooting or discharging a weapon into an occupied building or vehicle.  The district court issued a warrant for Jackson's arrest.

At his revocation hearing, Jackson pleaded no contest to the charge.  All three witnesses to the shooting identified Jackson as the man who possessed and fired the gun.  Thus, the district court concluded there was a sufficient basis for finding Jackson guilty of the probation violation for discharging a firearm.  The court determined that it was a grade A offense and that Jackson's criminal history category was five.  It then explained that the maximum term of imprisonment was not more than 24 months.

Before the court imposed its sentence, Jackson presented three forms of mitigating evidence.  First, his probation officer testified that Jackson had complied with the conditions of his supervised release before the incident.  Second, Jackson called an investigator for the federal public defender's office, who testified that Jackson's partner told her that Jackson supported his children financially and physically, and that it was her gun that was involved in the initial revocation petition.  Third, Jackson submitted his psychological report, in which an evaluator opined that he never received proper mental health treatment despite having six adverse childhood experiences and seeing a close friend and three cousins get killed.

Jackson also apologized to the court.  He argued that the Alabama shooting was an outlier from his typical behavior, and

that he should get time served and another year of supervised relief.  The government argued that Jackson's actions put peoples' lives in jeopardy and asked for the full 24 months' imprisonment.

The court sentenced Jackson to 24 months' imprisonment. It stated that the shooting was a serious offense and that Jackson was fortunate that he was not charged with murder or capital murder.  The court pointed out that Jackson put the people in the car's lives at risk as well as innocent bystanders who could have been hit with inaccurate shots.  The court noted that while it had read Jackson's psychological evaluation and acknowledged Jackson's difficult past, it found there was no excuse for firing a gun on a public road.  Having considered the sentencing guidelines, the 18 U.S.C § 3553(a) factors, and the parties' arguments, the court then sentenced Jackson to 24 months' imprisonment with 12 months of supervised release.  Jackson objected to the substantive reasonableness of the sentence and appealed.

## II.    Discussion

On appeal, Jackson argues that his 24-month sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing purposes outlined in 18 U.S.C. § 3553(a). After careful review, we affirm.

We review the reasonableness of a sentence for abuse of discretion.  *United States v. Williams,* 526 F.3d 1312, 1321–22 (11th Cir. 2008).  The party challenging a sentence bears the burden of showing that the sentence is unreasonable.  *Id.* at 1322.  "Although we do not automatically presume a sentence within the guidelines

range is reasonable, 'we ordinarily . . . expect [such a sentence] to be reasonable.'" *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

On a substantive reasonableness review, we may vacate the sentence "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors" to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quotations omitted). We consider whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors. *Williams*, 526 F.3d at 1322. The district court must evaluate all of the § 3553(a) factors, but the weight given to each factor is within the sound discretion of the district court. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272 (11th Cir. 2014). The district court does not have to give all of the factors equal weight and is given discretion "to attach great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotations omitted). That said, "a district court's unjustified reliance on any one § 3553(a) factor may be a symptom of an

unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The § 3553(a) factors the district court must consider include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" as well as to afford specific and general deterrence; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). While the district court should consider and properly calculate the advisory guidelines range, it may give greater weight to other 18 U.S.C. § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1259. But "[t]he district court may consider facts that were taken into account when formulating the guideline range for the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

While a district court must consider the 18 U.S.C. § 3553(a) factors in determining a sentence, it need not state in its explanation that it has evaluated each factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). "[A]n acknowledgment by the district court that" it has "considered the § 3553(a) factors" is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Ultimately, the court must explain the sentence with enough detail "to satisfy the appellate court that [it]

has considered the parties' arguments and has a reasoned basis" for its decision. *Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court did not abuse its discretion because Jackson's 24-month sentence is not substantively unreasonable considering the totality of the circumstances. While Jackson argues that the court considered only § 3553(a)(1), the court said that it considered the § 3553(a) factors as well as the parties' arguments when determining Jackson's sentence.[1] This is sufficient. *See Ortiz-Delgado*, 451 F.3d at 758; *Turner*, 474 F.3d at 1281. And the court considered Jackson's mitigating evidence— such as the testimony from his hearing, his psychological report, the fact that he supports his children, and his rough upbringing— but determined that it was outweighed by "the nature and circumstances of the offense," the need to protect the public, and deterrence. Further, the court properly considered and weighed the fact that Jackson, who was on supervised release for possessing a firearm, violated his supervised release by possessing and shooting a firearm at others.

---

[1] Jackson also argues that the court considered an inappropriate factor when it discussed unrelated incidents in which children were hit with stray bullets. But the court was not, as Jackson accuses, "rel[ying] heavily upon facts that were not in evidence" by discussing these incidents. In context, the court was simply using them to underscore the dangers of firing a weapon on a public road.

8                    Opinion of the Court                    23-11945

Thus, the court did not abuse its discretion in sentencing Jackson to 24 months' imprisonment with 12 months of supervised release.

**AFFIRMED.**