**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-11771

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GABRIEL ROJAS-LOPEZ,
a.k.a Francisco Reyes,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:24-cr-00031-TES-CHW-1

————————————

Before JORDAN, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Gabriel Rojas-Lopez appeals his sentence of 24 months' imprisonment for being unlawfully present in the United States after

having previously been removed, 18 U.S.C. § 1326(a). Rojas-Lopez argues that the district court abused its discretion in varying upward to impose a substantively unreasonable sentence by failing to adequately consider his mitigating factors under 18 U.S.C. § 3553(a) and creating an unwarranted sentencing disparity between similarly situated defendants.

## I.

Rojas-Lopez is a citizen of Mexico who has unlawfully entered or attempted to enter the United States at least four times. He was first encountered by immigration officials in 2018 in Madison County, Georgia after being arrested for family violence charges. He was found to have entered the United States without inspection or admission sometime in 1997 when he was 14-years old. He was processed for removal and deported in February 2019. He returned again unlawfully and was encountered by immigration officials walking in the desert near San Miguel, Arizona and was deported for a second time in April 2019. Five days after his deportation, Rojas-Lopez was encountered for a third time at or near Lukeville, Arizona and returned to Mexico. Three days later, agents found him again at or near Cowlic, Arizona. After this entry he was arrested and subsequently prosecuted in the U.S. District Court for the District of Arizona. Following his guilty plea and sentencing, he was deported in August 2019. And in May 2023, he was arrested in Franklin County, Georgia, for Driving Under the Influence (DUI) and other traffic offenses. After the most recent illegal reentry and arrest, he plead guilty to illegally reentering the

United States as a previously deported alien, in violation of 18 U.S.C. § 1326(a).

A probation officer prepared a presentence investigation report (PSI) documenting Rojas-Lopez's background.  The report described his four encounters, before the instant offense, where Rojas-Lopez was removed from the United States and his criminal history, included convictions for traffic violations, DUIs, and child endangerment.

Neither party filed objections to the PSI.

At sentencing, the district court found a total offense level of six, a criminal history category of II, and a guideline range of one to seven months' imprisonment.  Despite the parties' joint recommendation for a sentence within the guideline range and Rojas-Lopez's request for six months time served, the district court varied upward and imposed a sentence of 24-months, followed by no supervised release.  The district court explained that it considered the statutory sentencing factors and determined that because of his recidivism, including four previous deportations, eight DUI arrests, and six DUI convictions, the advisory sentencing range was insufficient to reflect the seriousness of the offense and Roja-Lopez's history and characteristics.

Rojas-Lopez now appeals, challenging the substantive reasonableness of his sentence.

**II.**

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotation marks omitted). The party challenging the sentence bears the burden of proving it is unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338-39 (11th Cir. 2024).

## III.

Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id*.

First, Rojas-Lopez references publicly available data from the Sentencing Commission indicating that the average sentence for offenders punished pursuant to U.S.S.G. § 2L1.2 with a criminal history category of II was nine months nationally and eight months in this Circuit. He also notes that the average sentences for § 2L1.2

offenders with different criminal history categories, including that only those defendants with a criminal history category of V have received the statutory maximum sentence.  Less than two percent of these similarly situated individuals received the statutory maximum sentence.  Second, Rojas-Lopez argues that the district court focused too much on his repeated attempts to reenter the country over a short duration and his prior DUI convictions, and failed to account for his mitigating circumstances such as being brought to the United States as a child, his father becoming a citizen without applying for citizenship for him, the United States being his only home, raising a family here, and having no life or support network in Mexico.  He argues that the district court's reliance on his criminal record did not justify an extreme variance and created an unwarranted sentencing disparity from similarly situated offenders.

Although the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others.  *Butler*, 39 F.4th at 1355.  We have held that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015).  The district court does not have to explicitly state on the record that it has considered all of the factors or expressly discuss each of them.  *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006).  Moreover, the district court's failure to

discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Further, affording mitigating factors less weight than a defendant contends they deserve does not make a sentence unreasonable. *United States v. Lebowitz*, 676 F.3d 1000, 1016-17 (11th Cir. 2022).

One of the purposes of the Guidelines is to provide certainty and fairness in sentencing, and "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (quotation marks omitted). Thus, "a well-founded claim of disparity . . . assumes that apples are being compared to apples." *Id*. at 1101 (quotation marks omitted). When considering a claim of disparity, we consider whether the defendant is similarly situated to defendants he presents as comparators who received a different sentence. *United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020). We have indicated that we are not convinced that a sentence imposed in this Circuit is subject to a "national grade curve." *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011) (noting that the defendant's argument that there was an unwarranted disparity between his sentence and others who have been convicted of fraud crimes throughout the country "would be difficult to gauge"). The Supreme Court has stated that the "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall*, 552 U.S. at 54. When a district court correctly calcu-

lates and carefully reviews the Guideline range, the court has "necessarily [given] significant weight and consideration to the need to avoid unwarranted disparities." *Id.*

The sentencing court may impose an upward variance if it concludes that the guideline range is insufficient to account for the relevant § 3553(a) factors. *See United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015) (affirming upward variance where the district court "[found] that the defendant's criminal history category understated the seriousness of his criminal history."). No presumption of reasonableness or unreasonableness applies to a sentence that lies outside the advisory guideline range. *Butler*, 39 F.4th at 1355. "When imposing a variance, a district judge must give serious consideration to the extent of any departure from the [g]uidelines and must explain [its] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* (quotation marks omitted). In reviewing the reasonableness of such a sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Here, we conclude that the district court did not abuse its discretion in varying upward from the applicable guideline range and imposing the statutory maximum sentence of two years' imprisonment.  The district court reasonably found that the guideline range was insufficient to account for the seriousness of Rojas-Lopez's offense and his personal history and characteristics.  *See Johnson*, 803 F.3d at 619.  The district court's upward variance was consistent with the fact that Rojas-Lopez's criminal history category did not reflect all four previous deportations, eight DUI arrests, and six DUI convictions where he at most received 30-days in jail. *Butler*, 39 F.4th at 1355. And the district court explained how this criminal history factored into the § 3553(a) factors, including the district court's concern for Rojas-Lopez's "egregious and habitual violations of DUI laws," to promote respect for the law, to provide just punishment, to afford adequate deterrence, and the need to protect the public. D.E. 41 at 6-7); 18 U.S.C. § 3553(a); *Butler*, 39 F.4th at 1355.

Further, to the extent Rojas-Lopez argues that the district court abused its discretion by failing to consider his mitigating circumstances, such as his family bringing him to the United States as a minor and his American-born children, the record indicates otherwise.  The district court explicitly acknowledged its appreciation for the letters written on Rojas-Lopez's behalf, which explained the circumstances of his family residing in the United States.  The district court also noted that, while it understood that Rojas-Lopez was brought into the United States by his parents at 14-years-old, it did not understand Rojas-Lopez getting convicted of illegal entry

into the United States then breaking back into the country at 35-years-old.  The district court did not abuse its discretion in affording Rojas-Lopez's mitigating factors less weight than he contends they deserve.  *Lebowitz*, 676 F.3d at 833.  In fact, the district court's consideration of the record, the character letters submitted by Rojas-Lopez's family, the statements of the parties, the PSI, the advisory guidelines, and the § 3553(a) factors, indicates a reasoned sentencing decision.  *See Butler*, 39 F.4th at 1355.

Additionally, Rojas-Lopez failed to show that his sentence was disparate to those imposed on similarly situated offenders. Even stipulating to some general similarities between Rojas-Lopez's case and other cases identified by the Sentencing Commission data, Rojas-Lopez nevertheless fails to demonstrate a claim of disparity.  Rojas-Lopez ignores the district court's explanation as to the many ways that he is not similarly situated to the average illegal reentry defendant, including his four previous deportations, eight DUI arrests, and six DUI convictions.  Rojas-Lopez likewise ignores his long, documented history of endangerment of the public—evidenced by his multiple instances of driving under the influence, driving with his children in the vehicle while intoxicated, and domestic abuse charges.  His eight DUI arrests and six DUI convictions underscore his continuing disrespect for the law.  18 U.S.C. § 3553(a).  Rojas-Lopez has been deported four times and convicted for illegal reentry, and he offered no compelling reason to believe that he will not attempt to reenter the country again.  By correctly calculating and carefully reviewing the guideline range, the district

court necessarily gave significant weight and consideration to the need to avoid unwarranted disparities. *See Gall*, 552 U.S. at 54.

## IV.

For the reasons stated, we conclude that the district court's 24-month sentence is substantively reasonable and affirm Rojas-Lopez's sentence.

**AFFIRMED.**